UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
UNITED STATES OF AMERICA,

v.

GABRIEL PATTERSON,

                 Defendant.
-----------------------------------------------------------------X

**MEMORANDUM AND ORDER**
15-CR-287-21 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:**

On July 15, 2015, a seventy-five count superseding indictment was filed against twenty-three defendants, including Gabriel Patterson ("Defendant"). On January 22, 2016, Defendant pled guilty to Count One, Racketeering Acts 60, 61, and 63 of the superseding indictment. The Court now provides a complete statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) of those factors set forth by Congress and the President and contained in 18 U.S.C. § 3553(a). For the reasons discussed below, Defendant is hereby sentenced to thirty-three months of incarceration, three years of supervised release, restitution in an amount to be determined by the Court, and a $100.00 special assessment.

## BACKGROUND

On July 15, 2015, a seventy-five count superseding indictment was filed against twenty-three defendants, including Defendant. ECF No. 48. On January 22, 2016, Defendant pled guilty to Count One, Racketeering Acts 60, 61, and 63 of the superseding indictment. *See* ECF Nos. 295–96. The Court hereby sentences Defendant and sets forth its reasons for Defendant's sentence using the rubric of the § 3553(a) factors pursuant to 18 U.S.C. § 3553(c)(2).

## DISCUSSION

### I. Legal Standard

18 U.S.C. § 3553 outlines the procedures for imposing sentence in a criminal case. When the Court chooses to impose a sentence outside the Sentencing Guidelines range, the Court "shall state in open court the reasons for its imposition of the particular sentence, and . . . the specific reason for the imposition of a sentence different from that described" in the Guidelines. 18

1

U.S.C. § 3553(c)(2). The Court must also "state[] with specificity" its reasons for so departing "in a statement of reasons form[.]" *Id.*

"The sentencing court's written statement of reasons shall be a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Davis*, 08-CR-332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.). Section 3553(a) provides a set of seven factors for the Court to consider in determining what sentence to impose on a criminal defendant. The Court addresses each in turn.

## II. Analysis

### 1. The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

The first § 3553(a) factor requires the Court to evaluate "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Based on this factor, a significant sentence is justified.

Defendant has lived a life financed by crime. Except for two days of work, Defendant, currently twenty-one years old, has never been gainfully employed. Presentence Investigation Report ¶ 63, ECF No. 328 ("PSR"). Instead of working, he has relied upon illegal conduct to support himself and his two children from two different women. *Id.* ¶¶ 44, 46, 63. Indeed, illegal proceeds have permitted Defendant to provide $1,000.00 per week for his two children and to pay rent for his mother and stepfather. *Id.* ¶¶ 44, 46, 48.

In 2008, Defendant was expelled from school in Florida for fighting. *Id.* ¶ 41. In 2010, Defendant began attending Science Skills Center High School in Brooklyn, New York. *Id.* ¶ 61. On February 27, 2012, Defendant was arrested at the high school for throwing a chair at another

2

student, then attempted to charge the student. *Id.* ¶ 29. When a school safety officer attempted to break up the fight, Defendant resisted arrest, forcing school safety officers to use physical force to restrain Defendant and to handcuff him. *Id.* One officer sustained minor cuts to his head and neck when hit by the handcuffs. *Id.* Defendant was sentenced to three years of conditional discharge. *Id.* After this altercation, Defendant withdrew from school and obtained his high school equivalency in 2013 through the Center for Alternative Sentencing in New York, New York. *Id.* ¶¶ 60–61.

Shortly after returning to New York for school, Defendant's two brothers, Vincent Patterson and Christopher Patterson, were arrested and incarcerated. *Id.* ¶ 41. Defendant decided to "follow in [his brothers'] footsteps" and joined his brothers' gang, the Crips, at the age of thirteen. *Id.*

A "set" of the Crips street gang, known as the Outlaw Gangsta Crips ("OGC"), consisted primarily of individuals residing in and around the East Flatbush neighborhood of Brooklyn, New York. *Id.* ¶ 4. OGC included an offshoot, known as Shoota Gang, comprised of members and associates of OGC as well as members and associates of other gangs, such as the Eight Trey Gangsta Crips, Bosses In Business, and the Bloods, a rival gang to the Crips. *Id.* Defendant is a member of the Eight Trey Gangsta Crips. *Id.* ¶ 12.

OGC engaged in drug trafficking, fraud, firearms trafficking, and promoting prostitution. *Id.* They also engaged in acts of violence, including murder, attempted murder, robbery, and assault. *Id.* These activities were taken for various purposes, such as enriching the gang; promoting and enhancing the gang's prestige, reputation, and position among rival gangs; preserving and protecting the gang's power, territory, and criminal ventures; maintaining fear of

the gang in their victims and rivals; and concealing the gang's criminal activity from law enforcement. *Id.* ¶ 5.

Throughout 2014 and the first half of 2015, Defendant, along with others, used fraudulent checks to commit bank fraud. *Id.* ¶ 7. To accomplish this, Defendant and his fellow OGC members obtained checks—typically payroll checks—from co-conspirators. *Id.* ¶ 8. Defendant and members of OGC used the account and routing numbers on these checks to manufacture fraudulent checks bearing the same account and routing numbers. *Id.* These fraudulent checks were then deposited in Automated Teller Machines (ATMs) into the bank accounts of "plugs," unindicted co-conspirators. *Id.* A portion of the deposited money would immediately become available for withdrawal. *Id.* ¶ 9. These available funds, often hundreds of dollars, were then withdrawn. *Id.* Once the banks or purported check writer identified the deposits as fraudulent, the banks assumed the loss on behalf of the defrauded businesses. *Id.*

Here, Defendant pled guilty to defrauding three banks in New York: Bank of America (Racketeering Act 60), JPMorgan Chase (Racketeering Act 61), and TD Bank (Racketeering Act 63). *Id.* ¶ 10. The banks lost more than $550,000.00 as a result of Defendant's criminal activity. *Id.*

### 2. The Need for the Sentence Imposed

The second § 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

The Court's sentence recognizes the seriousness of this offense. The instant offense is Defendant's second arrest and second conviction. Defendant has spent very little, if any, of his life gainfully employed. Instead, Defendant has funded his lifestyle through unlawful activity as a member of the Eight Trey Gangsta Crips, a "set" of the Outlaw Gangsta Crips.

The Court's sentence is imposed with the goal of deterring Defendant from further criminal activity and severing his ties to the Eight Trey Gangsta Crips and other gangs. And, in a more general way, the Court's sentence sends a message to other members of the Outlaw Gangsta Crips, along with other gangs, that a life of crime carries a risk of punishment outweighing any potential gains. Furthermore, the sentence recognizes that Defendant, by defrauding banks to obtain cash, helped to fund the gang's other unlawful activity. By deterring Defendant, other members of the OGC, and other gangs from committing similar crimes, the Court protects the public from future crimes by Defendant and by his gang.

### 3. The Kinds of Sentences Available

The third § 3553(a) factor requires the Court to detail "the kinds of sentences available" for Defendant. 18 U.S.C. § 3553(a)(3).

Defendant pled guilty to violation of 18 U.S.C. § 1962(d), which carries a twenty-year maximum term of imprisonment and no minimum term of imprisonment. 18 U.S.C. § 1963(a). As a Class C felony, Defendant faces a term of supervised release of not more than three years and is eligible for a probation term of not less than one nor more than five years. 18 U.S.C. §§ 3559, 3561(c)(1), 3583(b)(2); *see also id.* § 3563(a)(2) (requiring the imposition of a fine, restitution, or community service absent extraordinary circumstances). Furthermore, violation of § 1962(d) carries a maximum fine of $250,000.00, a mandatory $100.00 special assessment, and restitution in an amount to be determined. *Id.* §§ 3571(b), 3013, 3663A. Under the plea

agreement, Defendant faces a money forfeiture judgment of $1,000,000.00. *See* Plea Agree. ¶¶ 1(g), 6–13, ECF No. 296.

The Court's sentence falls within the kinds of sentences available for Defendant.

### 4. The Kinds of Sentence and the Sentencing Range Established For Defendant's Offenses

The fourth § 3553(a) factor requires the Court to discuss "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines[.]" 18 U.S.C. § 3553(a)(4)(A).

Under the United States Sentencing Guidelines, a violation of § 1962(d) results in application of Guidelines § 2E1.1, which directs the Court to apply Guidelines § 2B1.1 for the underlying 18 U.S.C. § 1344 offense. *See* United States Sentencing Commission, *Guidelines Manual*, § 2E1.1 (Nov. 2015) ("U.S.S.G."). Accordingly, the base offense level is six. *See* U.S.S.G. § 2B1.1(a)(1). Because Defendant is accountable for more than $550,000.00 but less than $1,500,000.00 in losses, fourteen offense levels are added, resulting in an adjusted offense level of twenty. *See id.* § 2B1.1(b)(1)(H). Defendant's acceptance of responsibility permits a three-level decrease. *See id.* § 3E1.1. As a result, Defendant's total offense level is seventeen.

Defendant's February 27, 2012 arrest provides for a subtotal criminal history score of one, but because he committed the instant offense while serving a term of unsupervised probation, two points are added. *See id.* § 4A1.1(d). This results in a total criminal history score of three, corresponding to a criminal history category of II. *Id.* Ch.5, Pt.A.

With a total offense level of seventeen and a total criminal history category of II, the Guidelines suggest an imprisonment term of twenty-seven to thirty-three months. *Id.* The Guidelines also suggest a one-to-three year term of supervised release, a fine ranging from

$5,000.00 to $50,000.00, and restitution. *Id.* §§ 5D1.2(a)(2), 5E1.2(c)(3), 5E1.2(h)(1), 5E1.1(a)(1). Defendant is ineligible for probation. *Id.* § 5B1.1, comment (n.2).

The United States Probation Department recommends a sentence of twenty-seven months of imprisonment followed by two years of supervised release with special conditions. U.S. Prob. Dep't Sent'g Rec. at 1, ECF No. 328-1. Based on Defendant's financial profile, he is unable to pay a fine. PSR ¶ 69. The Government, in its sentencing memorandum submitted on October 28, 2016, asks for a sentence within the advisory Guidelines of twenty-seven to thirty-three months of imprisonment. Govt. Sentencing Mem. at 1, ECF No. 358.

Defendant, in his sentencing memorandum submitted on October 18, 2016, requests a sentence of "time served followed by a period of supervised release" for "an economic crime with no violence." Def. Sentencing Mem. at 4, ECF No. 349. In support of this request, counsel for Defendant argues that Defendant has untreated anger issues and was negatively influenced by "hanging out on the street with a bad crowd" in the absence of his father. *Id.* at 2–3. As a result, Defendant began smoking marijuana two to three times a day, using codeine, and consuming alcohol in an attempt to "self medicat[e]." *Id.* at 3. Defense counsel further states, "The one positive fact that came out of this behavior was that once [Defendant] began smoking Marihuana, he stopped getting into fights." *Id.* Also attached to Defendant's sentencing memorandum are letters from Defendant, his mother, father, aunt, grandmother, older sister, older brother, and a family friend. *Id.* at Ex. 1–8, ECF No. 349-1 to 349-8. The Court has carefully reviewed these documents and taken them into consideration in imposing sentence.

## 5. Pertinent Policy Statement(s) of the Sentencing Commission

The fifth § 3553(a) factor, requiring the Court to evaluate "any pertinent policy statement ... issued by the Sentencing Commission," 18 U.S.C. § 3553(a)(5), is not relevant to Defendant's sentencing.

## 6. The Need to Avoid Unwarranted Sentence Disparities

The sixth § 3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

Defendant is the first of twenty-three defendants to be sentenced by this Court. This Court will impose an appropriate sentence for each defendant, mindful of sentences for similar crimes committed by other defendants as reported by other federal district courts in the Second Circuit. Those cases provide a useful indication of how this crime would be treated in other federal district courts. Upon review of the sentenced imposed by other federal district courts in the Second Circuit, the Court finds the sentenced imposed here to be sufficient, but not greater than necessary, to comply with the purposes of sentencing. *See United States v. Glenn*, 629 F. App'x 150, 151 (2d Cir. 2015) (upholding as procedurally reasonable an above-Guidelines 55-month imprisonment sentence for bank fraud and escape from custody because of a likelihood of recidivism); *United States v. Turner*, 629 F. App'x 66, 67 (2d Cir. 2015) (upholding as substantively reasonable a below-Guidelines sentence of 74 months of imprisonment for conspiracy to commit wire and bank fraud, bank fraud, and aggravated identity theft because of evidence of familial support); *United States v. Kottage*, 510 F. App'x 23 (2d Cir. 2013) (upholding sentence of 41 months of imprisonment for conspiracy to commit wire fraud and conspiracy to commit bank fraud); *United States v. Villar*, 09 CR. 435-01, 2013 WL 2436559, at

*7 (S.D.N.Y. June 5, 2013) (Sweet, J.) (sentencing the defendant to 33 months of imprisonment for conspiring to commit wire fraud and bank fraud).

Defendant's sentence avoids any unwarranted sentence disparities among the defendants in light of the reasons stated in this memorandum and order.

### 7. The Need to Provide Restitution

Lastly, the seventh § 3553(a) factor requires the Court to touch upon "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(7). The Mandatory Victim Restitution Act of 1996 applies to this case. *See* 18 U.S.C. § 3663A. The victim banks have not yet submitted affidavits of loss, and no exact loss figures owed to each bank have not been provided to the Court. PSR ¶ 11. The Court will consider such affidavits and figures upon their submission.

## CONCLUSION

A sentence of thirty-three months of incarceration, to be followed by three years of supervised release, with the $100.00 mandatory assessment, is appropriate and comports with the dictates of § 3553. Restitution will be determined by the Court at a later date. This sentence is consistent with, and is sufficient but no greater than necessary to accomplish, the purposes of § 3553(a)(2).

The Court expressly adopts the factual findings of the Presentence Investigation Report and imposes the special conditions of release proposed by the Probation Department.

**SO ORDERED.**

s/WFK
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: October 31, 2016
      Brooklyn, New York